UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANSHIOUS B.D. ARON-STOREY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-01789-JPH-KMB |
| | ) |
| GILBERT Sgt., et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING AMENDED COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Anshious Aron-Storey is a prisoner currently incarcerated at Wabash Valley Correctional Facility. He originally filed this civil action against 26 various staffers at New Castle Correctional Facility, where he previously was incarcerated. Dkt. 1. The Court found the original complaint was subject to dismissal for violating Fed. R. Civ. P. 20 by advancing "unrelated claims against separate defendants based on separate events." Dkt. 30 at 6. The Court provided Mr. Aron-Storey the opportunity to file an amended complaint, and he has done so. Dkt. 31. Mr. Aron-Storey's amended complaint is much more focused than the original and does not violate Fed. R. Civ. P. 20. Because the plaintiff is a "prisoner," this Court must screen the amended complaint before service on any defendants. 28 U.S.C. § 1915A(a), (c).

### I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To

determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

Mr. Aron-Storey's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The amended complaint names as defendants (1) Officer Davis; (2) Officer Salgado; (3) Sgt. Seye; (4) Officer Maddox; (5) Officer Austin; and (6) Melissa Rutledge.

On March 2, 2024, Sgt. Seye and Officers Maddox, Salgado, and Davis used excessive force against Mr. Aron-Storey while escorting him to a new cell at New Castle. Specifically, Sgt. Seye gouged one of Mr. Aron-Storey's eyes and then punched him multiple times. After Mr. Aron-Storey was face down on the ground, Sgt. Seye stomped on his head and face. Officers Maddox and Davis then arrived, put leg restraints on Mr. Aron-Storey, then carried him to a shower area, where Sgt. Seye and Officers Maddox, Salgado, and Davis

together swung him back and forth in the air before throwing him face first onto the floor. Sgt. Seye then also repeatedly pressed Mr. Aron-Storey's face into the shower kiosks.

After this incident, Sgt. Seye and Officers Maddox, Salgado, and Davis stole Mr. Aron-Storey's clothes or let others steal them. Mr. Aron-Storey lacked appropriate clothing until the end of December 2024, causing him to be exposed to cold temperatures. Also, after Mr. Aron-Storey was placed in his new cell, Officer Austin refused to provide him his meals on five consecutive occasions. Officer Austin told Mr. Aron-Storey that Sgt. Seye had directed him to not feed Mr. Aron-Storey.

Mr. Aron-Storey filed grievances about his lack of clothing and being deprived of food. New Castle Grievance Specialist Rutledge did not process these grievances.

Mr. Aron-Storey is seeking damages.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the amended complaint certain claims are dismissed while other claims shall proceed as submitted.

**A. Claims That Are Dismissed**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, requires a prisoner to first exhaust his available administrative remedies before filing a lawsuit in court. Prison staff having the responsibility of providing prisoners with a meaningful opportunity to raise grievances cannot refuse to facilitate that process and then later argue that the prisoner did not comply with procedures

3

or file in a timely manner. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). "Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

The PLRA's exhaustion requirement does not, however, create a freestanding right under federal law to access the administrative remedy process. The Seventh Circuit has "specifically denounc[ed] a Fourteenth Amendment substantive due process right to an inmate grievance procedure." *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). Also, "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Grieveson v. Anderson*, 538 F.3d 763, 772 & n. 3 (7th Cir. 2008); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). Because Mr. Aron-Storey had no expectation of a particular outcome of his grievances or complaints there is no viable claim which can be vindicated through 42 U.S.C. § 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a prima facie case under § 1983). Therefore, all claims against Grievance Specialist Rutledge **are dismissed**.

4

### B. Claims That Shall Proceed

Claims **shall proceed** against Sgt. Seye and Officers Maddox, Salgado, and Davis under the Eighth Amendment for the alleged use of excessive force against Mr. Aron-Storey on March 2, 2024. Claims also **shall proceed** against these defendants for allegedly causing Mr. Aron-Storey to be deprived of clothing for several months, also in violation of the Eighth Amendment. *See Townsend v. Cooper*, 759 F.3d 678, 687 (7th Cir. 2014) (failing to provide inmate with any clothes or shoes for a period of weeks states a claim under Eighth Amendment).[1] Finally, claims also **shall proceed** against Sgt. Seye and Officer Austin under the Eighth Amendment based on the intentional deprivation of five consecutive meals for Mr. Aron-Storey. *See Reed v. McBride*, 178 F.3d 849, 853–54 (7th Cir. 1999) (citing with approval *Simmons v. Cook*, 154 F.3d 805, 809 (8th Cir. 1998), which held that denying prisoners four consecutive meals may violate the Eighth Amendment).

### IV. Conclusion and Service of Process

The only claims identified by the Court are the Eighth Amendment claims noted above against Sgt. Seye and Officers Maddox, Salgado, Davis, and Austin. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall

---

[1] To be clear, these defendants are not liable under the Fifth Amendment for Mr. Aron-Storey's loss of property, because he has an adequate remedy for a loss of property under the Indiana's Tort Claims Act (Ind. Code § 34-13-3-1 et seq.). *See Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001). But Mr. Aron-Storey has adequately stated a claim that causing him to be deprived of clothing for several months violated the Eighth Amendment.

have **through August 7, 2025,** in which to file a motion to reconsider the screening order.

The **clerk is directed to terminate** Sgt. Gilbert, Sgt. Brown, Sgt. Charley, Lt. Harisson, Officer Belcher, Law Library Supervisor Smith, Law Library Assistant Corn, Officer Byrd, Officer Gard, Jane Does #1-5, Melissa Rutledge, Officer Adams, Nurse Bill, Nurse Teah, Dr. Lewton, Chief Investigator, and John Doe #1 03 Pod Officer #3 as defendants on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Sgt. Seye, Officer Maddox, Officer Salgado, Officer Davis, and Officer Austin in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on April 28, 2025, dkt. [31], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 7/10/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANSHIOUS B.D. ARON-STOREY
265441
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

SGT. SEYE
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN  47362

OFFICER MADDOX
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN  47362

OFFICER SALGADO
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN  47362

OFFICER DAVIS
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN  47362

OFFICER AUSTIN
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN  47362

Courtesy copy to:

Adam Garth Forrest
BBFCS ATTORNEYS
27 North Eighth Street
Richmond, IN 47374

The GEO Group, Inc.
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN  47362

The GEO Group, Inc.
c/o CORPORATE CREATIONS NETWORK INC.
8520 Allison Pointe Blvd #220
Indianapolis, IN, 46250